UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KEY STAR CAPITAL FUND V, L.P.**,
    Plaintiff,

v.                                                                                          2:25-mc-2-KCD-NPM

**JASMINE COURT, INC.**, *et ano*,
    Defendants.

## ORDER

Before us is a motion for supplementary proceedings to void an allegedly fraudulent transfer to Orient Investments, Inc. In December 2024, the United States District Court for the Northern District of Illinois granted a default judgment for $146,794.39 in favor of Bank of America, N.A., against defendants Jasmine Court, Inc., and Jadwiga M. Krypla, which remains unsatisfied. While that action was pending, Krypla and other apparent relatives (presumably his wife and daughter) conveyed their interest in certain real property to Orient. (Doc. 2-3). And after the judgment was entered, the court substituted plaintiff Key Star Capital Fund V, L.P., for Bank of America. With the real property at issue (a condominium) located in Naples—and thus, its purported transfer was recorded in Collier County—Key Star registered the judgment with us. And now, Key Star seeks to hold Orient liable for the unsatisfied judgment up to the value of the property.

Supplementary proceedings are not independent actions but rather "post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294, 2011 WL 915669, *1 (S.D. Fla. Mar. 16, 2011). As such, we have ancillary jurisdiction to void fraudulent transfers by judgment debtors and hold third parties liable for the proceeds of such transfers. *See Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 788 (11th Cir. 2015).[1]

Supplementary proceedings "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. Here in Florida, supplementary proceedings are governed by Florida Statute § 56.29. And this statute provides for fraudulent-transfer claims against third parties. *See* Fla. Stat. § 56.29(9). Such claims are "initiated by a supplemental complaint and served as provided by the rules of civil procedure, and the claims under the supplemental complaint are subject to chapter 726 and the rules of civil procedure." *Id.*

But to initiate supplementary proceedings, a judgment creditor must file a motion and affidavit identifying the unsatisfied judgment and stating that the execution is valid and outstanding. *See* Fla. Stat. § 56.29(1). And while Key Star has

---

[1] "Costs for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney fees may be taxed against the judgment debtor." Fla. Stat. § 56.29(8).

2

identified an unsatisfied judgment, it has not supplied an affidavit stating that the execution is valid and outstanding. *See Bleidt v. Lobato*, 664 So. 2d 1074 (Fla. Dist. Ct. App. 1995) (judgment creditor must have a writ of execution that remains unsatisfied). Consequently, its motion (Doc. 2) is **DENIED without prejudice**.

To proceed, Key Star must obtain a writ of execution and then file an affidavit stating that the writ remains valid and outstanding. Key Star may obtain a template writ from under the "Forms" tab on our website, fill it out, and attach it to a motion (which may be ex parte) requesting that we direct the clerk to issue it; or it may aver that it has an unsatisfied writ of execution issued by the Northern District of Illinois.

Within **THIRTY DAYS** of the date of this order, Key Star must file an affidavit that fully complies with Florida Statute § 56.29(1)[2] and renew its motion for supplementary proceedings. Otherwise, we will close this action. Upon the initiation of supplementary proceedings, Key Star would then file a supplemental complaint for fraudulent transfer against Orient and serve Orient with process under Federal Rule of Civil Procedure 4(h) or obtain a waiver of service under Rule 4(d). *See* Fla. Stat. § 56.29(9).

**ORDERED** on September 22, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] This would include identifying the unsatisfied amount of accrued costs and interest.